## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARI B.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 9056 |
| v. | ) | |
| | ) | Magistrate Judge |
| FRANK BISIGNANO, | ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Cari B.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [17] is granted in part, and the Commissioner's cross-motion for summary judgment [21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.  PROCEDURAL HISTORY

On August 9, 2022, Plaintiff filed a claim for DIB, alleging disability since July 29, 2020. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on April 23, 2024, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On May 21, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of July 29, 2020 through her date last insured of September 30, 2022. At step two, the ALJ concluded that Plaintiff had the following severe impairments: cervical, thoracic, and lumbar spine disorders, with cervical spine surgery residuals. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can no more than occasionally climb ramps or stairs, stoop, crouch, kneel, or crawl; and can no more than frequently use the upper extremities to reach, handle, and finger. At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a publication editor and technical writer. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from the alleged onset date through the date last insured.

## DISCUSSION

## I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former

occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and

means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) The ALJ's RFC finding was erroneous because the ALJ failed to explain the impact of Plaintiff's symptoms on her ability to work; and (2) the ALJ's symptom evaluation was patently wrong because it lacked explanation and support.

In advancing her first argument, Plaintiff contends, *inter alia*, that the ALJ did not properly "evaluate [her] allegations of difficulty sitting, which would ostensibly impair her ability to perform sedentary work." ([17] at 10.) Pertinent to that argument, Plaintiff testified that she could sit in a semi-reclining position for approximately 45 minute and could only sit in a normal chair for 15 minutes. (R. 44-45.) In her decision, the ALJ acknowledged Plaintiff's testimony that she could only sit for 15 minutes. (*Id.* at 22.) The ALJ also acknowledged Dr. Agrawal's opinion that Plaintiff was unable to engage in prolonged sitting. (*Id.* at 25.) However, the ALJ did not specifically address that opinion nor provide any other analysis regarding Plaintiff's sitting restrictions. The Court agrees with Plaintiff that the ALJ erred in failing to account for Plaintiff's asserted inability to sit for prolonged periods.

As stated above, the ALJ determined that Plaintiff could perform sedentary work with additional restrictions. (R. 22.) Generally, sedentary work "requires sitting for 6 hours and standing and/or walking for 2 hours during an 8-hour workday." *Collins v. Astrue*, 324 F. App'x 516, 517 (7th Cir. 2009) (citation omitted). Crucially, an ALJ is required to "explain the basis for concluding that [a] Plaintiff is

6

able to stand, walk, and sit as required to perform sedentary work." *Bruce B. v. Saul*, No. 19 C 2639, 2021 WL 1253447, at *3 (N.D. Ill. Apr. 5, 2021). The ALJ erred by not doing that here, particularly with respect to Plaintiff's sitting abilities and her testimony regarding her sitting restrictions. *See Corral v. Berryhill*, No. 16 C 4315, 2017 WL 3070722, at *9 (N.D. Ill. July 19, 2017) ("But ALJ Supergan did not adequately explain why she rejected Corral's allegation that he cannot sit or stand for long periods of time, a limitation that was also proffered by two medical experts and Koite."); *Fox v. Colvin*, No. 14 C 4432, 2016 WL 4548999, at *8 (N.D. Ill. Sept. 1, 2016) ("In her decision, however, the ALJ did not discuss any of the evidence regarding Plaintiff's inability to sit, nor did she rely on any medical opinion as to that ability, and simply concluded that – by inference – Plaintiff's ability in this area was unlimited. This was improper."). The ALJ's error in that regard requires that this matter be remanded. *See DeJohnette v. Colvin*, No. 13 C 1787, 2015 WL 9315536, at *7 (N.D. Ill. Dec. 23, 2015) ("[B]ecause without an explicit discussion of these alleged limitations [regarding sitting and standing] it is impossible to determine whether the ALJ evaluate[d] all limitations that arise from medically determinable impairments, even those that are not severe, remand is appropriate.") (citation and internal quotations omitted); *Washington v. Colvin*, No. 12 C 4995, 2013 WL 1903247, at *11 (N.D. Ill. May 7, 2013) ("Though the ALJ minimally articulated why she found Washington's alleged inability to walk and stand to be incredible, she made no reference to Washington's testimony regarding her inability to sit. This lack of analysis warrants reversal."); *Hager v. Berryhill*, No. 17 CV 7772,

2018 WL 4095095, at *4 (N.D. Ill. Aug. 28, 2018) (remand required where "[t]he ALJ failed to analyze Plaintiff's claims that he cannot sit or stand for prolonged periods, that he cannot sit for longer than 45 minutes at a time, and that he cannot stand for longer than five minutes at a time").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's subjective symptoms are properly assessed and the impact of Plaintiff's symptoms on her ability to work is properly considered.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [17] is granted in part, and the Commissioner's cross-motion for summary judgment [21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**

**ENTERED:**

**DATE:**    **June 12, 2025**

_____

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**